Adam W. Cook, ABA #0611071
Arina Filippenko, ABA #2311138
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, Alaska 99501
acook@bhb.com
afilippenko@bhb.com
Telephone 907.276.1550
Facsimile 907.276.3680

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA AEROSPACE CORPORATION,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES AVIATION UNDERWRITERS INCORPORATED, and UNITED STATES AIRCRAFT INSURANCE GROUP,<br><br>        Defendants. | Case No.: 3:25-cv-_____ |

## COMPLAINT

COMES NOW Plaintiff, Alaska Aerospace Corporation, by and through undersigned counsel, and hereby states and alleges as follows:

### I. PARTIES AND JURISDICTION

1. Alaska Aerospace Corporation ("AAC") is a State of Alaska public corporation authorized to conduct business in the State of Alaska, with its principal place of business located in Anchorage, Alaska.

ALASKA AEROSPACE CORPORATION V. USAU AND USAIG
COMPLAINT
505274\79\1796252

CASE NO. 3:25-CV-_____
PAGE 1 OF 8

Case 3:25-cv-00033-HRH    Document 1    Filed 02/13/25    Page 1 of 8

2. Upon information and belief, Defendant, United States Aviation Underwriters Incorporated ("USAU"), is a corporation organized under the laws of the State of New York, with its principal place of business in the State of New York.

3. Upon information and belief, Defendant, United States Aircraft Insurance Group ("USAIG"), is the manager of United States Aviation Underwriters Incorporated, with its principal place of business in the State of New York.

## II. JURISDICTION AND VENUE

4. Jurisdiction is properly before this Court pursuant to 28 U.S.C. §1332, *et seq.*, as complete diversity exists among the parties and the amount in controversy exceeds $75,000.

5. Venue is proper with this Court pursuant to 28 U.S.C. § 1391, as this case involves claims for insurance coverage stemming from an alleged loss occurring in Alaska.

## III. THE CLAIM

6. AAC is a public corporation providing aerospace services. It owns and operates the Pacific Spaceport Complex-Alaska ("Spaceport"), a state-of-the-industry spaceport on Kodiak Island that provides access to planetary orbital space for commercial and government interests.

7. AAC does not launch its own rockets. Instead, it provides a launch facility and related launch services to its customers. In 2024, one such customer was ABL Space Systems Company ("ABL"), a California corporation.

8. On January 10, 2023, ABL was in the process of launching a rocket at the Spaceport when an anomaly shortly after liftoff destroyed the rocket and caused extensive physical damage to the Spaceport.

9. One of the steps AAC took to address the loss caused by the 2023 anomaly was to revise its insurance requirements placed on its customers. Specifically, AAC now insisted that it be named as additional insured on any policy covering such a loss.

10. On May 28, 2024, the parties entered into Agreement P20-0244 (the "Agreement"), as part of AAC's agreement to provide launch services for ABL's RS1 Launch Vehicle Mission. This was a new launch by ABL at the Spaceport.

11. The Agreement required sufficient insurance coverage to cover a loss following a launch anomaly and damage to the Spaceport, with AAC named as additional insured.

12. On or about June 5, 2024, ABL delivered to AAC a Certificate of Insurance prepared by its insurance broker, Marsh USA, Inc., and issued to AAC (the "Certificate"). A true and correct copy of the Certificate is attached hereto as Exhibit 1.

13. The certificate described a Third-Party Launch Liability Policy (the "Policy"), provided by USAIG, in an insured amount of $50,000,000. The policy period was described as April 1, 2023 to October 1, 2024.

14. The Certificate stated: "The Certificate Holder is included as an Additional Insured" on the Policy. *See* Exhibit 1, p. 1.

ALASKA AEROSPACE CORPORATION V. USAU AND USAIG     CASE NO. 3:25-CV-_____
COMPLAINT     PAGE 3 OF 8
505274\79\1796252

Case 3:25-cv-00033-HRH     Document 1     Filed 02/13/25     Page 3 of 8

15. On July 19, 2024, at 8:30 pm, a fire developed at the Spaceport as ABL was conducting a routine "static fire" ground test of the RS1 Launch Vehicle.

16. The fire caused extensive damage to the Spaceport. The most significant damage was caused by the release of hazardous and/or environmentally contaminating materials onto the Spaceport and its environs.

17. AAC incurred, and continues to incur, several million dollars in expenses restoring the Spaceport and remediating the environmental damage caused by the July 19, 2024 launch anomaly (the "Loss"). These efforts are ongoing, and the total expense is not known at this time

18. AAC has also lost the use of the Spaceport, which is its single most critical asset and essential for the operation of its business. The result has been a significant expense for AAC.

## IV. CLAIMS HANDLING

19. Plaintiff restates and incorporates by reference the allegations set forth above as though fully set forth herein.

20. AAC informed USAIG, its insurer according to the Certificate, of the Loss via email (the "Claim") on November 27, 2024. The email was sent to David Seiler, Senior Vice President at USAIG. A true and correct copy of the Claim is attached hereto as Exhibit 2.

21. The Claim was submitted to Mr. Seiler by Maggie Minton, the Chief Operating Officer of AAC. Ms. Minton also requested a copy of the Policy.

22. Ms. Minton was aware that Mr. Seiler handled claims for USAIG because she had previously communicated with him regarding USAIG's coverage of the 2023 launch anomaly.

23. Neither Mr. Seiler nor anyone else at USAIG responded to the Claim.

24. On December 4, 2024, Ms. Minton again wrote to Mr. Seiler, in an email with the subject line "RE: PSCA Ground Test Anomaly (July 2024) Claim Inquiry." See Exhibit 2.

25. She wrote: "I hope you had a great Thanksgiving. I wanted to reach out to make sure you received the inquiry below and ensure you don't require any additional information to provide the requested documents. Thanks."

26. Neither Mr. Seiler nor anyone else at USAIG responded to this second email.

27. On December 26, 2024, Ms. Minton wrote to Mr. Seiler a third time. She again asked for the status of a claim, requested a claim number, and again asked for a full copy of the Policy. She advised that costs for repairing and remediating the Spaceport were beginning to mount. See Exhibit 2.

28. Neither Mr. Seiler nor anyone else at USAIG responded to this third email.

29. On January 8, 2025, the attorney for AAC wrote to Mr. Seiler regarding the Claim. He advised that the anticipated cost of restoring the Spaceport was now at least $3 million. He requested confirmation of a claim, and a copy of the Policy.

ALASKA AEROSPACE CORPORATION V. USAU AND USAIG  
COMPLAINT  
505274\79\1796252  
CASE NO. 3:25-CV-_____  
PAGE 5 OF 8

Case 3:25-cv-00033-HRH    Document 1    Filed 02/13/25    Page 5 of 8

He gave Mr. Seiler seven days to respond. A true and correct copy of this letter is attached hereto as Exhibit 3.

30. Neither Mr. Seiler nor anyone else at USAIG responded to the letter from AAC's counsel.

## V. FIRST CAUSE OF ACTION
### (Breach of Contract)

31. Plaintiff restates and incorporates by reference the allegations set forth above as though fully set forth herein.

32. USAIG is contractually obligated pursuant to the terms of the Policy to cover the Loss suffered by AAC following submission of a claim.

33. Despite repeated demand, USAIG has refused to provide insurance coverage to AAC, as required by the Policy.

34. USAIG's refusal to provide insurance coverage, together with all other benefits promised under the Policy, constitutes breach of contract.

35. As a result of this breach of contract, AAC has and will continue to suffer damages, the exact amount to be proven at time of trial.

## VI. SECOND CAUSE OF ACTION
### (Bad Faith)

36. Plaintiff restates and incorporates by reference the allegations set forth above as though fully set forth herein.

37. Because there is an implied-in-law covenant of good faith and fair dealing inherent in the Policy, USAIG must act in good faith towards AAC.

38. USAIG has violated the duty of good faith and fair dealing, and has acted in bad faith, by commission of the following acts: (1) failing and/or refusing to respond in any way to submission of the Claim, despite repeated demand; (2) failing and/or refusing to provide its insured with information regarding USAIG's handing of the Claim, despite repeated demand; (3) failing and/or refusing to provide AAC with a complete copy of the Policy, despite repeated demand; (4) failing and/or refusing to fully or even partially cover the Loss, as promised to AAC in the Policy; (5) failing to comply with the requirements of Alaska law governing the timely handling of a claim by an insured submitted to its insurer; (6) refusing to act in a transparent and open manner; and (7) other bad faith conduct.

39. This bad faith conduct has caused and continues to cause damages to Plaintiff, the exact amount to be proven at time of trial.

## VII. THIRD CAUSE OF ACTION
### (Declaratory Judgment)

40. Plaintiff restates and incorporates by reference the allegations set forth above as though fully set forth herein.

41. Plaintiff asks this Court to declare that the Policy provides coverage to AAC against the Loss.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alaska Aerospace Corporation, prays for the following relief:

ALASKA AEROSPACE CORPORATION V. USAU AND USAIG  
COMPLAINT  
505274\79\1796252  
CASE NO. 3:25-CV-_____  
PAGE 7 OF 8

Case 3:25-cv-00033-HRH    Document 1    Filed 02/13/25    Page 7 of 8

1. Judgment against United States Aviation Underwriters Incorporated and United States Aircraft Insurance Group for an amount that compensates Plaintiff for all damages Plaintiff suffered as a result of Defendants' failure to provide the insurance coverage promised in the Policy;

2. For all losses and damages Plaintiff suffered as a result of bad faith conduct on the part of Defendants;

3. For a declaratory judgment that all benefits set forth in the insurance policy provided by Defendants be made available to Plaintiff;

4. For all losses and damages Plaintiff suffered as a result of Defendants' breach of the terms and conditions of the insurance policy;

5. For pre-judgment interest on the total judgment;

6. For an award of costs and attorneys' fees pursuant to Alaska Rules of Civil Procedure 79 and 82;

7. For an award of punitive damages; and

8. For such other and further relief as the Court may deem just and equitable.

DATED this 12th day of February, 2025.

BIRCH HORTON BITTNER & CHEROT
Attorneys for Plaintiff

By: _____
Adam W. Cook, ABA #0611071
Arina Filippenko, ABA #2311138

ALASKA AEROSPACE CORPORATION V. USAU AND USAIG
COMPLAINT
505274\79\1796252
CASE NO. 3:25-CV-_____
PAGE 8 OF 8

Case 3:25-cv-00033-HRH    Document 1    Filed 02/13/25    Page 8 of 8