

# Birch Horton Bittner & Cherot
*a professional corporation*

Adam W. Cook
Respond to Anchorage Office
T 907.263.7246 • F 907.276.3680
acook@bhb.com

January 8, 2025

**VIA ELECTRONIC DELIVERY**
David.Seiler@USAIG.COM

Mr. David A. Seiler, Senior Vice President
USAIG
3535 Piedmont Road, NE
Building 14, Suite 800
Atlanta GA 3.0305

RE:     Alaska Aerospace Corporation
          Our File No.: 505,274.79

Dear Mr. Seiler:

       As you are aware, I represent Alaska Aerospace Corporation ("AAC"). On 29 May 2024, I wrote to you regarding an insured loss at AAC's Pacific Spaceport Complex – Alaska ("Spaceport"). This letter concerns another loss insured by USAIG, which also occurred at the Spaceport (hereafter the "2024 Loss"). Nothing in this letter is intended to address the 10 January 2023 loss and resulting claim, which has not yet settled.

       On 19 July 2024 a fire broke-out at the Spaceport launch pad during fueling activities. AAC's customer, ABL Space Systems ("ABL"), was conducting launch operations when the fire occurred. The fire caused infrastructure damage to the launch pad. But more serious was the discharge of pollutants into the area. The pollutants are currently being remediated by AAC, under the supervision of the State of Alaska, Department of Environmental Conservation.

       At the time of the 2024 Loss, ABL was insured by USAIG, with a policy endorsement for Launch and Re-Entry Liability (the "Policy"). According to a Certificate of Insurance delivered by USAIG to AAC, AAC was named as additional insured on the Policy. I have attached a copy of that Certificate with this letter. According to the Certificate, the insured amount is 50 million dollars.

       AAC informed USAIG of the 2024 Loss via email to you on 27 November 2024. A copy of that initial email is attached to this letter. AAC asked USAIG to open a claim. AAC also asked for a copy of the full Policy. AAC wrote to you again on 4 December 2024 and 26 December 2024. They received no response of any kind to any of these messages. In the meantime, AAC is now paying contractors for abatement and reconstruction activities at the Spaceport. At this time, the anticipated approximate cost of restoring the Spaceport is $3.1 million.

**Ex. 3, p. 1 of 12**

510 L Street, Suite 700, Anchorage, Alaska 99501-1959     1150 Connecticut Ave., N.W., Ste. 350, Washington, D.C. 20036
T 907.276.1550 • 800.478.1550 • F 907.276.3680      T 202.659.5800 • 888.482.4724 • F 202.659.1027

505274\79\762308    Case 3:25-cv-00033-HRH     Document 1-3     Filed 02/13/25     Page 1 of 12

# Birch Horton Bittner & Cherot
*a professional corporation*

This letter is a request for confirmation that USAIG has opened a claim. Alaska law requires that an insurer deliver receipt of notification of a claim and identification of the adjuster to whom the claim is assigned within 10 working days of receiving the original notification. *See* 3 AAC 26.040. AAC should have received this information several weeks ago. In addition to a claim number, I need a complete copy of the Policy. AAC is entitled to a copy because of its status as additional insured.

Finally, and most importantly, I need information regarding the settlement process for this claim. AAC is standing-by with invoices for work performed at the Spaceport, and the expenses are becoming more and more financially burdensome as the work progresses. I would appreciate all information requested in this letter within the next **seven (7) days**. A prompt response from USAIG will, hopefully, avoid further unnecessary involvement of AAC's legal counsel in the claim settlement process.

Yours very truly,

BIRCH HORTON BITTNER & CHEROT

Adam W. Cook

AWC:vsf

Enclosures



# Certificate of Insurance

**Issued to:** Alaska Aerospace  
4300 B Street, Suite 101  
Anchorage, AK 99503  

**Date:** June 6, 2024

This is to certify that we have effected the following insurance for:

**Insured:** ABL Space Systems Company including any released subsidiaries and affiliates, associated and/or affiliated and/or subsidiary companies now existing or hereafter acquired or constituted for their respective rights and interest.

224 Oregon Street  
El Segundo, CA 90245

**Covering:** Third Party Launch Liability arising out of the Named Insured's licensed launch activities and the contractual requirements to provide launch liability insurance to satisfy the financial responsibility requirements, under AMD 01 of Agreement#P20-0244 dated 28 May 2024 (the "Contract")  
Vehicle Type for permitted launch activities: *RS1 Launch Vehicle*

**Policy Period:** 1 April 2023 to October 1, 2024 both dates at 12:01 a.m. at the address of Named Insured

**Period of Insurance:** Coverage hereunder shall attach upon commencement of licensed launch activities, as required by the Contract, and remain in full force and effect as required by the Contract.

Coverage may not be replaced, canceled, changed, withdrawn, or in any way modified to reduce the limit of liability or extent of coverage, nor expire by its own terms, prior to the time specified in the Contract, unless Alaska Aerospace is notified at least 30 days in advance from the date that such notice was dispatched by the Insurer.

**Insured amount:** Third Party Launch Liability arising out of the Named Insured's licensed launch activities and the contractual requirements to provide launch liability insurance to satisfy the financial responsibility requirements, under the Contract subject to policy exclusions.

- Fifty Million Dollars ($50,000,000) for covered claims resulting from flight of an RS1 launch vehicle from Pacific Spaceport Complex – Alaska (PSCA).

**Insured with:** United States Aircraft Insurance Group and other London, European, and U.S. Insurance Companies – 100%

**Additional Insured:** The Certificate Holder is included as an Additional Insured (the 'Additional Insured') as their respective interests may appear, warranted no operational interest, but only with respect to the operations of the Named Insured.

**Lead Risk No.:** SIHL1-N504

*This is not a policy of Insurance, but confirmation that we have arranged coverage as described above.*

## LAUNCH LICENSE OR EXPERIMENTAL PERMIT ENDORSEMENT

In consideration of the original Policy Premium, the following special conditions as required by the **launch or re-entry license** and applicable to coverage in respect of licensed **launch and re-entry activities** are included hereon:

**SPECIAL CONDITIONS:**

1. To the extent required by 51 U.S.C. Subtitle V, chapter 509--Commercial Space Launch Activities or the Commercial Space Transportation Licensing Regulation, 14 CFR Ch. III, subchapter C, Part 440 ("Licensing Regulations") or the **launch or re-entry license**, this policy will protect the persons and entities listed below as additional insureds against successful claims by a "third party" (as defined by the Licensing Regulations) for **bodily injury** or **property damage** resulting from commercial. **launch or re-entry license**, to the extent of their respective potential liabilities:

    (a) The Contractors and sub-Contractors of the Licensee, and the employees of each, involved in commercial licensed **launch and re-entry activities**;
    (b) **Customers**, the Contractors and sub-Contractors of **customers**, and the employees of each, involved in commercial licensed **launch and re-entry activities**;
    (c) The United States, its agencies, and its Contractors and sub-Contractors, involved in commercial licensed **launch and re-entry activities**; and
    (d) Government Personnel.

    Claims by a "third party" against which the persons and entities listed above are additional insureds shall include claims by the United States, its agencies, and its Contractors and sub-Contractors involved in commercial licensed **launch and re-entry activities** for **property damage** to property not at a federal range facility (as defined in Sections 440.3 (4) and 440.9 (d) of the Licensing Regulations).

2. Coverage hereunder shall not be invalidated by any action or inaction of the Licensee, including non-payment by the Licensee of the policy premium, or any other insured, and shall insure the Licensee and each other insured regardless of any breach or violation of any warranties, declarations or conditions contained in this policy by the Licensee or any other insured, (other than by the Licensee or such other insured, as the case may be, and then only as against Licensee or such other insured).

3. Coverage hereunder shall be primary without right of contribution from any other insurance which is carried by any insured, and all provisions of this policy, except the limit of liability, shall operate in the same manner as if there existed a separate policy with and covering each insured.

4. Except as to claims resulting from the willful misconduct of the United States or its agents, Insurers hereon shall waive any and all rights of subrogation against each of the parties identified in Special Condition (1) above.

5. The limits of liability as required by the **launch or re-entry license** shall apply separately to each **occurrence** and for each **occurrence** to the total of claims arising out of **launch and re-entry activities** as defined under the **launch or re-entry license** in connection with any particular **launch**.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED**

*Appendix A:*
*Exclusion Applicable to Coverage B: LAUNCH AND RE-ENTRY LIABILITY*

(a) **Bodily injury** or **property damage** arising out of or in connection with any **launch and re-entry activities** to the extent the insured is protected from liability by other insurance or by virtue of an agreement to (1) waive claims, (2) indemnify, or (3) assume liability that is conditioned on the absence of insurance covering such liability provided that such agreement is found to be valid and fully enforceable under the applicable law in any jurisdiction in which a claim is brought.

(b) Any liability for damages consisting of the cost or value of any fuel resulting from overfueling, spillage, subsistence, contamination, a condition or defect in such fuel or to liability for any direct or indirect costs for the defueling of any **launch vehicle** arising out of the foregoing.

(c) **Property damage** for which coverage is available under any property insurance policy carried by you or the **Named Insured**.

(d) **Property damage** to any property of the United States Government for which the **Named Insured** is required to obtain and maintain property insurance.

(e) **Property damage** to:

    (1) Property you own, rent, or occupy;

    (2) Property loaned to you;

    (3) Personal property in the care, custody or control of the insured.

(f) Liability caused by any anti-satellite device employing laser or directed energy beams.

## *POLICY EXCLUSIONS*

The following general exclusions apply to all sections of this policy:

1. **Noise and Pollution and Other Perils Exclusion Clause** (AVN46B)

    1. This Policy does not cover claims directly or indirectly occasioned by, happening through or in consequence of:

        (a) noise (whether audible to the human ear or not), vibration, sonic boom and any phenomena associated therewith,

        (b) pollution and contamination of any kind whatsoever,

        (c) electrical and electromagnetic interference,

        (d) interference with the use of property;

        unless caused by or resulting in a crash fire explosion or collision or a recorded in-flight emergency causing abnormal *vehicle* operation.

    2. With respect to any provision in the Policy concerning our duty to investigate or defend claims, such provision shall not apply and we shall not be required to defend

        (a) claims excluded by Paragraph 1 or

        (b) a claim or claims covered by the Policy when combined with any claims excluded by Paragraph 1 (referred to below as "Combined Claims").

    3. In respect of any Combined Claims, we shall (subject to proof of loss and the limits of the Policy) reimburse you for that portion of the following items which may be allocated to the claims covered by the Policy:

        (i). damages awarded against you and

        (ii). defense fees and expenses incurred by you.

    4. Nothing herein shall override any radioactive contamination or other exclusion clause attached to or forming part of this Policy.

2. **Nuclear Risk Exclusion Clause** (AVN38B amended)

    1. This Policy does not cover any legal liability of whatsoever nature directly or indirectly caused by or contributed to by or arising from:

        (a) the radioactive, toxic, explosive or other hazardous properties of any explosive nuclear assembly or nuclear component thereof;

        (b) the radioactive properties of, or a combination of radioactive properties with toxic, explosive or other hazardous properties of, any other radioactive material in the course of carriage as cargo, including storage or handling incidental thereto;

(c) ionizing radiations or contamination by radioactivity from, or the toxic, explosive or other hazardous properties of, any other radioactive source whatsoever.

2. It is understood and agreed that such radioactive material or other radioactive source in paragraph (1) (b) and (c) above shall not include:

   (i). depleted uranium and natural uranium in any form;

   (ii). radioisotopes which have reached the final stage of fabrication so as to be usable for any scientific, medical, agricultural, commercial, educational or industrial purpose.

3. This Policy, however, does not cover any legal liability of whatsoever nature with respect to which:

   (i) the Insured under this Policy is also an insured or an additional insured under any other insurance policy, including any nuclear energy liability policy; or

   (ii) any person or organization is required to maintain financial protection pursuant to legislation in any country; or

   (iii) the Insured under this Policy is, or had this Policy not been issued would be, entitled to indemnification from any government or agency thereof.

4. Legal liability in respect of the nuclear risks not excluded by reason of paragraph (2) shall (subject to all other terms, conditions, limitations, warranties and exclusions of this Policy) be covered, provided that:

   (i) in the case of any claim in respect of radioactive material in the course of carriage as cargo, including storage or handling incidental thereto, such carriage shall in all respects have complied with the full International Civil Aviation Organization "Technical Instructions for the Safe Transport of Dangerous Goods by Air", unless the carriage shall have been subject to any more restrictive legislation, when it shall in all respects have complied with such legislation;

   (ii) this Policy shall only apply to an incident happening during the period of this Policy and where any claim by the Insured against the Insurers or by any claimant against the Insured arising out of such incident shall have been made within three years after the date thereof;

   (iii) the cover afforded hereby may be cancelled at any time by the Insurers giving seven days' notice of cancellation.

3. **Liability Assumed by Government**

This insurance does not cover *bodily injury* or *property damage,* including but not limited to any property owned or possessed by the government of the United States or any foreign government, only to the extent the insured is protected from liability by an assumption or limitation of liability by any government, other insurance and/or by virtue of an agreement to waive claims, indemnify, or assume liability which is conditioned upon the absence of insurance covering such liability provided that the assumption or limitation of liability is a valid and enforceable provision in the jurisdiction in which a claim is brought, whether that jurisdiction applies its own laws or the laws of another jurisdiction

4. **War, Hi-Jacking and Other Perils Exclusion Clause** (AVN 48B - Amended)

   This Policy does not cover claims caused by:

   (a) War, invasion, acts of foreign enemies, hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection, martial law, military or usurped power or attempts at usurpation of power.

   (b) Any hostile detonation of any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter.

   (c) Strikes, riots, civil commotions or labor disturbances.

   (d) Any act of one or more persons, whether or not agents of a sovereign Power, for political or terrorist purposes and whether the loss or damage resulting therefrom is accidental or intentional.

   (e) Any malicious act or act of sabotage.

   (f) Confiscation, nationalization, seizure, restraint, detention, appropriation, requisition for title or use by or under the order of any Government (whether civil, military or de facto) or public or local authority.

   (g) Hi-jacking or any unlawful seizure or wrongful exercise of control of the *vehicle* or crew in-flight (including any attempt at such seizure or control) made by any person or persons on board the *vehicle* acting without the consent of the insured.

   Furthermore this Policy does not cover claims arising while the *vehicle* is outside the control of the insured by reason of any of the above perils.

5. **Date Recognition Exclusion Clause** (AVN2000A)

   This Policy does not cover any claim, damage, injury, loss, cost, expense or liability (whether in contract, tort, negligence, product liability, misrepresentation, fraud or otherwise) of any nature whatsoever arising from or occasioned by or in consequence of (whether directly or indirectly and whether wholly or partly):

   (a) the failure or inability of any computer hardware, software, integrated circuit, chip or information technology equipment or system (whether in the possession of the insured or of any third party) accurately or completely to process, exchange or transfer year, date or time data or information in connection with any change of year, date or time;

   whether on or before or after such change of year, date or time;

   (b) any implemented or attempted change or modification of any computer hardware, software, integrated circuit, chip or information technology equipment or system (whether in the possession of the insured or of any third party) in anticipation of or in response to any such change of year, date or time, or any advice given or services performed in connection with any such change or modification;

(c) any non-use or unavailability for use of any property or equipment of any kind whatsoever resulting from any act, failure to act or decision of the insured or of any third party related to any such change of year, date or time;

and any provision in this Policy concerning our duty to investigate or defend claims shall not apply to any claims so excluded.

6. **Asbestos Exclusion Clause** (LSW2488 AGM 000031)

   This Policy does not cover any claims of any kind whatsoever directly or indirectly relating to, arising out of or in consequence of:

   (a) the actual, alleged or threatened presence of asbestos in any form whatsoever, or any material or product containing, or alleged to contain, asbestos; or

   (b) any obligation, request, demand, order, or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, neutralize, protect against or in any other way respond to the actual, alleged or threatened presence of asbestos or any material or product containing, or alleged to contain, asbestos.

   However, this exclusion shall not apply to any claim caused by or resulting in a crash, fire, explosion or collision, or a recorded in-flight emergency causing abnormal *vehicle* operation.

   Notwithstanding any other provisions of this Policy, we will have no duty to investigate, defend or pay defense costs in respect of any claim excluded in whole or in part under paragraphs (a) or (b) hereof.

7. **Employment Related Practices**

   This policy does not cover *bodily injury* resulting directly or indirectly from the hiring, employment or dismissal activities of the insured.

8. **Contract or Agreement**

   This policy does not cover *bodily injury* or *property damage* for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion 8 does not apply to liability for damages:

   (a) Assumed in a contract or agreement that is an *insured contract*, provided the *bodily injury* or *property damage* occurs subsequent to the execution of the contract or agreement; or

   (b) That the insured would have in the absence of the contract or agreement.

9. *Bodily injury* or *property damage* expected or intended from the standpoint of the insured. This exclusion 9 does not apply to *bodily injury* resulting from the use of reasonable force to protect persons or property.

10. Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

11. ***Bodily injury*** to:

    (a)    An employee of the insured arising out of and in the course of employment by the insured; or

    (b)    The spouse, child, parent, brother or sister of that employee as a consequence of exposure to an employee under paragraph 11(a) above.

This exclusion 11 applies:

    (d)    Whether the insured may be liable as an employer or in any other capacity; and

    (e)    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion 11 does not apply to liability assumed by the insured under an ***insured contract***.

12.    Liability arising from infringement of any patent, copyright, trade name or trademark.

**Marsh USA Inc. (Aviation Division)**

*[signature: Natalie Sanossian]*

**Natalie Sanossian**
**Vice President**

| | |
|---|---|
| **From:** | Maggie Minton |
| **To:** | David Seiler |
| **Cc:** | Judy Moose; John Oberst; Robert Greene; Shannon Edwards |
| **Subject:** | PSCA Ground Test Anomaly (July 2024) Claim Inquiry |
| **Date:** | Wednesday, November 27, 2024 6:07:00 PM |

Good evening, David-

As you are probably aware, there was an anomaly during an ABL Space Systems Pre-Launch activity that resulted in environmental and infrastructure damage to the Pacific Spaceport Complex-Alaska this past July (19 July 2024). Alaska Aerospace Corporation is reaching out to inquire if a claim has been opened for this event and if so, request the claim number for our files. We also respectfully request a copy of the full policy as we currently only have a COI. We are anticipating invoices related to this claim to be submitted to USAIG next month and are trying to ensure we have accurate information regarding the claim and to whom the invoices should be provided to. Thank you for your help.

Happy Thanksgiving weekend to you and yours.

**Maggie F. Minton**
Chief Operating Officer
Aurora Launch Services
O:907.771.8039
*A wholly owned subsidiary of Alaska Aerospace*

| | |
|---|---|
| **From:** | Maggie Minton |
| **To:** | David Seiler |
| **Cc:** | Judy Moose; John Oberst; Robert Greene; Shannon Edwards; Adam Cook |
| **Subject:** | RE: PSCA Ground Test Anomaly (July 2024) Claim Inquiry |
| **Date:** | Thursday, December 26, 2024 7:11:00 AM |
| **Importance:** | High |

Good morning David-

I hope you are yours are having a wonderful holiday season. I have not heard back from your regarding the emails below, but I did get a delivery/read receipt so I am hopeful that the email below made it to you. Again, just reaching out to inquire about the Claim number for the anomaly during an ABL Space Systems Pre-Launch activity that resulted in environmental and infrastructure damage to the Pacific Spaceport Complex-Alaska this past July (19 July 2024). Request the claim number for our files as soon as possible. We also respectfully request a copy of the full policy as we currently only have a COI. We are anticipating invoices related to this claim to be submitted to USAIG next month and are trying to ensure we have accurate information regarding the claim and to whom the invoices should be provided to. Thank you for your help.

**Maggie F. Minton**
Chief Operating Officer
Aurora Launch Services
O:907.771.8039
*A wholly owned subsidiary of Alaska Aerospace*

---

**From:** Maggie Minton
**Sent:** Wednesday, December 4, 2024 9:58 AM
**To:** David Seiler <David.Seiler@usaig.com>
**Cc:** Judy Moose <judy.moose@akaerospace.com>; John Oberst <joberst@akaerospace.com>; Robert Greene <robert.greene@akaerospace.com>; Shannon Edwards <shannon.edwards@akaerospace.com>
**Subject:** RE: PSCA Ground Test Anomaly (July 2024) Claim Inquiry

David-

I hope you had a great Thanksgiving. I wanted to reach out to make sure you received the inquiry below and ensure you don't require any additional information to provide the requested documents. Thanks.